UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-21550-Civ-COOKE/TURNOFF

ALBERTO LLOSAS,

    Plaintiff
vs.

COLONIAL PRESS INTERNATIONAL,
INC., *et al.*,

    Defendants.
_____/

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

THIS CASE is before me Plaintiff's Motion for Dismissal under Rule 41(a).  (ECF No. 52). Defendants oppose dismissal without prejudice without conditions, and filed a Motion for Summary Judgment (ECF No. 54) three days after Plaintiff filed his Motion for Dismissal.  I have reviewed the arguments, the record, and the relevant legal authorities.  For the reasons provided below, I will dismiss Plaintiff's case without prejudice, with conditions.

Plaintiff filed this FMLA action against Defendants on May 3, 2011.  The September 19, 2011 Scheduling Order set the fact discovery deadline at November 10, 2011.  On October 28, 2011, Plaintiff's counsel filed a motion to withdraw as counsel.  According to Plaintiff, his counsel had not substantially engaged in discovery when she sought to withdraw as counsel.  After holding a hearing on the motion, on November 17, 2011, Magistrate Judge Turnoff allowed counsel to withdraw.  On December 16, 2011, Judge Turnoff held a status conference to determine whether Plaintiff would obtain new counsel.  At the conference, Plaintiff indicated he would proceed pro se. On December 20, 2011, Judge Turnoff granted certain extensions to Plaintiff to respond to discovery, and, because Plaintiff spoke very little English, ordered him to appear with a certified interpreter at any future appearances before him.

On January 5, 2012, this Court entered an Order to Show Cause (ECF No. 41), ordering Plaintiff to show cause why Defendants' Motion for Summary Judgment should not be granted, as he had failed to file a timely response. Plaintiff informed the Court that he could not properly respond to Defendants' motion because his counsel had never conducted any depositions or otherwise engaged in significant discovery before she withdrew in November 2011, and discovery closed November 16, 2011. Thus, Plaintiff did not have the benefit of discovery to allow him to respond to Defendants' motion.

On January 11, 2012, this Court entered an Endorsed Order denying Defendants' Motion for Summary Judgment without prejudice, as premature in light of Plaintiff's inability to take discovery due to problems with his counsel. On January 25, 2012, this Court entered an Amended Scheduling Order reopening discovery. On February 23, 2012, Plaintiff filed the present motion, seeking dismissal of his case without prejudice because he is unable to afford the costs associated with proceeding with this case and he cannot read or write in English so as to represent himself.

Rule 41(a)(2) of the Federal Rules of Civil Procedure permits a court to dismiss an action upon plaintiff's request "on terms that the court considers proper." "A court "enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir 2001). "In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other then* [sic] *the mere prospect of a subsequent lawsuit,* as a result." *Id*. (quoting *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986)) (internal quotation marks omitted). The critical consideration is whether the defendant would lose any substantial right as a result of the dismissal. *Id*.

Having reviewed the arguments and the record, I find that dismissal without prejudice is proper in this case. I acknowledge, however, that a dismissal without prejudice raises the prospect of Plaintiff re-filing this lawsuit, forcing Defendants to relitigate this matter. Defendants note that

they have been prejudiced by these proceedings because they have had to expend significant funds on attorney's fees and costs defending this case.

The Eleventh Circuit has permitted district court to place conditions on re-filing the case, in order to protect the defendant from "the unfairness of duplicative litigation." *Versa Prods., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1328 (11th Cir. 2004) (holding district court did not abuse its discretion in requiring the plaintiff to pay defendant's fees and costs upon re-filing action). However, the Court must also take into consideration Plaintiff's ability to pay the fees, so that the condition for re-filing does not effectively close the courtroom doors to him. *See Parrish v. Ford Motor Co.*, 299 F. App'x 856, 862 (11th Cir. 2008).

Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff's Motion for Dismissal under Rule 41(a) (ECF No. 52) is **GRANTED in part and DENIED in part** as follows:

1. This action is **DISMISSED** *without prejudice*.

2. Upon re-filing, Plaintiff shall pay Defendant's reasonable fees and costs associated with defending this action,[1] considering Plaintiff's financial status at the time of re-filing.

3. The Clerk is directed to **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers at Miami, Florida, this 27th day of March 2012.

_Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*

---

[1] The Court notes that Defendant's fees and costs associated with defending this case amount to $87,880.59. This Court does not make any finding, at this time, of whether this amount is reasonable.

3